UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRUCE DAY** | : | **CIVIL ACTION NO. 16-1512** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **AEROFRAME SERVICES, LLC** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand and Motion for Attorney Fees filed by filed by plaintiff Bruce Day ("Day"). Doc. 6[1]. The motion is opposed by third party defendant Aviation Technical Services, Inc. ("ATS"). Doc. 8. For the reasons that follow the motion is **DENIED**.

**I.**
**PROCEDURAL HISTORY**

This case is one of fifteen related cases that were removed to this court.[2] The plaintiff(s) in each case filed a motion to remand.[3] On January 30, 2015, this court issued a ruling in *Ashford v. Aeroframe Services, LLC, et al*, Dkt. No. 2:14-cv-992 (W.D. La. 2014), the case designated as the forum to litigate jurisdictional issues, denying the motions for remand and for attorney fees. Ashford doc. 45. Following the ruling in *Ashford*, plaintiffs in thirteen of the related cases

---

[1] Throughout this opinion we reference documents contained in the record of this case, *Day v. Aeroframe Services, LLC* and documents contained in the record of *Ashford v. Aeroframe Services, LLC et al.*, Dkt. No., 2:14-cv-992 (W.D. La 2014). In order to avoid confusion any citations to documents in the *Ashford* case will be referenced as "Ashford doc. __."

[2] *See Ashford v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-992 (W.D. La. 2014); *Warner v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-983 (W.D. La. 2014); *Adams v. Aeroframe Services, LLC,* Dkt. No. 2:14-984 (W.D. La. 2014); *Boring v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-985 (W.D. La. 2014); *Cleaves v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-986 (W.D. La. 2014); *Cooley v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-987 (W.D. La. 2014); *Gallow v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-988 (W.D. La. 2014); *Decologon v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-989 (W.D. La. 2014); *Blanton v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-990 (W.D. La. 2014); *Rackard v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-991 (W.D. La. 2014); *Morvant v. Aeroframe Services, LLC,* Dkt. No. 2: 14-cv-2323 (W.D. La. 2014); *Coley v. Aeroframe Services, LLC,* Dkt. No. 2:14-cv-2324 (W.D. La. 2014); *Cogdill v. Aeroframe Services, LLC,* Dkt. No. 2:14-cv-2325 (W.D. La. 2014); *Barreda v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-2538 (W.D. La. 2014).

[3] In some cases, Roger Porter and Aeroframe filed separate motions to remand.

successfully sought a stay of the proceedings in order to seek review of that ruling. That ruling was affirmed in part and reversed in part by the district court and remanded to the undersigned for further proceedings in accordance with the ruling. Ashford, docs. 60, 61.

After successfully petitioning the district court for certification of the remand issue for appeal [Ashford, doc. 72], Ashford, Aeroframe, and Porter filed an appeal which was ultimately dismissed for lack of jurisdiction. Ashford, doc. 75. The district court then amended its previous order to the extent it had reversed the ruling of the undersigned. Ashford, doc. 76, amending Ashford doc. 61.

Ashford, Aeroframe, and Porter again successfully sought leave to appeal the issue of remand from the district court [Ashford, doc. 83] but the court of appeal denied that request. Ashford, doc. 84. Accordingly the ruling of this court with respect to the issue of remand in *Ashford* is as set forth in this court's ruling of January 30, 2015. Ashford, doc. 45.

Judgments denying the motions to remand have now been rendered in all cases except for the one presently before the court.[4] The reason for this is because plaintiff Day filed his lawsuit in state court on August 5, 2016, more than two years after the other lawsuits had been removed to this court.

---

[4] *Warner v. Aeroframe Services, LLC*, Doc. 44, Dkt. No. 2:14-cv-983 (W.D. La. 2014); *Adams v. Aeroframe Services, LLC,* Doc. 33, Dkt.No. 2:14-984 (W.D. La. 2014); *Boring v. Aeroframe Services, LLC*, Doc. 33, Dkt. No. 2:14-cv-985 (W.D. La. 2014); *Cleaves v. Aeroframe Services, LLC*, Doc. 35, Dkt. No. 2:14-cv-986 (W.D. La. 2014); *Cooley v. Aeroframe Services, LLC*, Doc. 33, Dkt. No. 2:14-cv-987 (W.D. La. 2014); *Gallow v. Aeroframe Services, LLC*, Doc. 34, Dkt. No. 2:14-cv-988 (W.D. La. 2014); *Decologon v. Aeroframe Services, LLC*, Doc. 35, Dkt. No. 2:14-cv-989 (W.D. La. 2014); *Blanton v. Aeroframe Services, LLC*, Doc. 31, Dkt. No. 2:14-cv-990 (W.D. La. 2014); *Rackard v. Aeroframe Services, LLC*, Doc. 33, Dkt. No. 2:14-cv-991 (W.D. La. 2014); *Morvant v. Aeroframe Services, LLC,* Doc. 28, Dkt. No. 2: 14-cv-2323 (W.D. La. 2014); *Coley v. Aeroframe Services, LLC,* Doc. 28, Dkt. No. 2:14-cv-2324 (W.D. La. 2014); *Cogdill v. Aeroframe Services, LLC,* Doc. 28, Dkt. No. 2:14-cv-2325 (W.D. La. 2014); *Barreda v. Aeroframe Services, LLC*, Doc. 23, Dkt. No. 2:14-cv-2538 (W.D. La. 2014).

## II.
### THE DAY LAWSUIT

Like the other related lawsuits, Day filed suit against his former employer Aeroframe for unpaid wages, accrued and unused vacation time, and other paid benefits. Doc. 1, att. 1, pp. 19-21. He also sought damages for lost future wages, statutory penalties, attorney's fees and costs. *Id.* Aeroframe answered the lawsuit and filed a third party demand against ATS alleging breach of contract, unfair trade practices and intentional and/or tortious interference with a contract and/or business relationship.[5] Doc. 1, att. 1. pp. 5-10. It claims damages related to the closure of its business operations "including but not limited to, Aeroframe Services' future business sales, loss of Aeroframe Services' business opportunity with AAR Corporation, loss of Aeroframe Services' ability to pay the wages of its former employees, potential payment of statutory penalties to former employees, and other damages." *Id.* at p. 8. On October 25, 2016 Day filed an amended petition in state court which alleges that his damages do not exceed $50,000.[6] The lawsuit was removed to this court the following day.

ATS removed the lawsuit alleging that this court has jurisdiction based on diversity of citizenship in accordance with the ruling issued in *Ashford* and its realignment of the parties. Day filed the motion to remand and argues that, 1) there is no diversity of citizenship and realignment of the parties is improper, and 2) the amount in controversy is not satisfied. In opposition to the remand ATS again submits that the parties should be realigned according to their ultimate interests such that Aeroframe would be realigned as a plaintiff against defendant ATS in which case diversity of the parties would exist. ATS further submits that the amount in controversy is met

---

[5] ATS has not made Porter a party to this proceeding but in its Notice of Removal it states that it intends to do so. Doc. 1, p. 4, n.1.
[6] Although not a part of the record in this court both parties agree that on October 25, 2016 plaintiff filed an amended petition in state court that alleged his claims did not exceed $50,000. Doc. 6, att. 1, p. 3, doc. 8, p. 8.

because the court should ignore Day's amended petition filed in state court one day before the case was removed which attempts to limit his recovery to less than $50,000. ATS also submits that realigned plaintiff Aeroframe's claims against ATS exceed $75,000.

### III.
#### DISCUSSION

We see no reason to treat this matter any differently that the result reached in *Ashford* and the other related cases. The same facts and circumstances are present here which caused us to find that realignment of the parties was warranted. In sum, we find that Aeroframe and Day "have voluntarily entered into an agreement which aligns all of their interests against those of ATS so that complete diversity of citizenship now exists." *Ashford,* doc. 45, p. 16.

Further, while Day argues that his amended complaint unequivocally establishes that the amount in controversy requirement is not met, his attempts to circumnavigate this court's jurisdiction must fail. The claims of realigned plaintiff Aeroframe clearly exceed the $75,000 jurisdictional amount. Thus the amount in controversy requirement is met.

### IV.
#### CONCLUSION

For the reasons expressed in our January 30, 2015 ruling in *Ashford v. Aeroframe Services, LLC, et al,* No. 14-cv-992 (W.D. La. 2014),

**IT IS RECOMMENDED** that the motion to remand [doc. 6] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the motions for attorney fees be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

-5-

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE